IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEVEN PAUL DULA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 19-2243-LPS |
| | : | |
| CLAIRE DEMATTEIS, et al., | : | |
| | : | |
| Defendants. | : | |

Steven Paul Dula, Sussex Community Correctional Center, Georgetown, Delaware. Pro Se Plaintiff.

## MEMORANDUM OPINION

October 6, 2020
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Steven Paul Dula ("Plaintiff") was an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware at the time he filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 1) Plaintiff appears *pro se* and has paid the filing fee.[2] The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A(a).

## II. BACKGROUND

Plaintiff alleges that he is disabled by reason of his inability to lift or pull anything over five pounds, diagnoses of ADD (*i.e.*, attention deficit disorder) and depression, and an inability to read beyond the fifth-grade level. (D.I. 1 at 15) Current Delaware Department of Correction Rule 7.2 ("Rule 7.2"), effective August 26, 2019, establishes an accurate and consistent system for recording and reporting statutory and meritorious good time credits. *See* https://doc.delaware.gov/assets/documents/policies/policy_7-2.pdf. Plaintiff alleges that Policy 7.2 dated February 13, 2018,[3] which apparently is similar to current Policy 7.2, violated his rights by reason of discrimination under Title II of Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794(b); and the Equal Protection Clause under 42 U.S.C. § 1983, because it precludes him from participating in education and work programs due to his disability

---

[1] In August 2020, Plaintiff notified the Court of a change of address, stating that he is now on work release. (D.I. 11) When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *See Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

[3] The Complaint cites to portions of Policy 7.2, effective February 13, 2018, but it does not contain a complete copy of it. (*See* D.I. 1 at 13-14)

1

and, thus, he is unable to earn meritorious good time[4] (that allows offenders to reduce their sentence by five days per month for working and/or participating in education programs offered at JTVCC). (D.I. 1 at 5) Plaintiff alleges the violations occurred from September 13, 2019 through December 9, 2019, the date he filed the complaint. (D.I. 1 at 5)

Plaintiff alleges that he "requested a job by asking each unit sergeant to place [his] name on the employment list [], he told them about [his] disability, and have [sic] never been call[ed] to work." (Id. at 6) Plaintiff also alleges that the unit counselor placed his name in the work pool for a job, and he was not called. (Id.) With regard to educational and vocational programs, Plaintiff alleges that he does not read at the minimum required reading levels.[5] (Id. at 7)

Plaintiff alleges Defendant Commissioner Claire DeMatteis ("DeMatteis") violated his rights by enacting or implementing Policy 7.2 knowing it violated Plaintiff's rights; that Defendant Warden Dana Metzger ("Metzger") violated his rights by applying Policy 7.2; that Defendant Linda Martin ("Martin"), manager of central offender records for the Delaware Department of Correction ("DOC"), applies good time; and that Defendant Sandra Waldee ("Waldee"), the JTVCC education supervisor, removes offenders from education programs to stop the award of good time to offenders with learning disabilities. (D.I. 1 at 6)

Plaintiff seeks injunctive relief, good time credits to reduce his sentence, placement on level three probation, and compensatory damages.[6] (Id. at 9-10)

---

[4] Meritorious good time is earned by an offender for participation in education, rehabilitation, work or other programs and successful completion of designation programs. See Rule 7.2 at ¶ VI.A.2.

[5] Plaintiff states that an inmate must have a current placement test on file before enrollment in any education class. (D.I. 1 at 7) Plaintiff does not indicate whether he has taken a placement test or if he has a placement test on file but it seems he has not, given his statement in a grievance he submitted that it is his understanding the education department would test him and if he did not pass the test after three times, he would be removed from any educational program. (Id. at 15-16)

[6] A claim challenging the "fact or duration" of a sentence is typically filed as a habeas petition. Plaintiff's complaint seems to be a combined civil rights complaint and petition for habeas relief,

2

## III.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the

---

given that he seeks injunctive relief, early release from prison, and compensatory damages. The Court does not consider any claims for habeas relief to the extent that is what Plaintiff seeks. Plaintiff's remedy with respect to that portion of his claims is to file a separate action habeas relief. *See e.g.*, *Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, n.2 (3d Cir. 2017).

3

screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend his Complaint, unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.*

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

4

## IV. DISCUSSION

Although the Due Process Clause does not guarantee the right to earn good time credits, *see Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986, 1003 (D. Del. 1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997) (table), an inmate may not be precluded from programs designed to earn good time credits by reason of a disability. Plaintiff's claims rely in part upon Title II of the ADA and the Rehab Act. Both require public entities, including state prisons, to provide, in all of their programs, services, and activities, a reasonable accommodation to individuals with disabilities. *See Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 287(3d Cir. 2019). Title II of the ADA applies to state prisons and programs that conferred benefits on inmates, including the opportunity to obtain an earlier release on parole. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-11 (1998) (Petitioner stated claim under Title II of ADA when he alleged he was excluded discriminatorily from prison work program due to his medical condition, where completion of program would have led to his release on parole); *Kogut v. Ashe*, 592 F. Supp. 2d 204, 206-08 (D. Mass. 2008) (inmate may not be barred under Title II of ADA from work programs that may have effect of reducing sentence).

Plaintiff also attempts to raise an Equal Protection claim. To state an Equal Protection claim, Plaintiff must demonstrate that he was treated adversely compared to other similarly-situated individuals. *See Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008).

Plaintiff has failed to state claims under any of his proposed theories. First, it is far from clear that Plaintiff has named the proper defendants. In addition, the Complaint fails to allege any conduct by any named Defendant that led to the denial of a work assignment or entry into any educational programs. The Complaint does not indicate when Plaintiff applied for any job assignments or who denied him any job assignment that he sought. With regard to educational programs, the allegations suggest that Plaintiff never enrolled in any vocational or education

program based upon the belief that he could not meet the requirements of the placement test. Finally, the Complaint does not refer to inmates who are similarly situated to Plaintiff.

Given these pleading deficiencies, the Complaint will be dismissed for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint. *See Chestnut v. Finck*, 722 F. App'x 115, 118 (3d Cir. 2018) ("[W]e are mindful to give a liberal construction to *pro se* pleadings, particularly in civil rights cases where plaintiffs should generally be afforded leave to amend.") (internal citations omitted).

## V.  CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.