**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| STEVEN PAUL DULA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 19-2243-LPS |
| | : |
| CLAIRE DEMATTEIS, et al., | : |
| | : |
| Defendants. | : |

Steven Paul Dula, Georgetown, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 13, 2022
Wilmington, Delaware



**STARK, U.S. Circuit Judge:**

## I.    INTRODUCTION

Plaintiff Steven Paul Dula ("Plaintiff") was an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, at the time he filed this action pursuant to 42 U.S.C. § 1983.[1]  (D.I. 1)  Plaintiff appears *pro se* and has paid the filing fee.[2]  The Court dismissed the original complaint and gave Plaintiff leave to amend.  (D.I. 12, 13)  He filed an Amended Complaint on December 4, 2020.  (D.I. 17)  The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915A(a).

## II.   BACKGROUND

As an initial matter, the Court reviews only the Amended Complaint filed on December 4, 2020.  "It is the complaint which defines the nature of an action, and once accepted, an amended complaint replaces the original."  *Barnat v. Glenn O. Hawbaker, Inc.*,  2019 WL 1125817, at *1 n.4 (M.D. Pa. Mar. 12, 2019) (quoting *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2 (1982); *see also Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit.").

Plaintiff alleges that from 2009 thru 2011, he was held at Sussex Correctional Center, asked the C/O's for a job on the food court, and never received one.  (D.I. 17 at 2)  When he was

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments.  *See Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

1

transferred to JTVCC he asked the C/O's to put him on the job list so he could earn good time but was never put on the list due to his disability (*i.e.*, 5 lb. limitation). (*Id.*) Plaintiff told several C/O's about his limitation. (*Id.*) When Plaintiff was moved to Housing Unit E Building, Plaintiff asked Sgt. Beckles to place him on the job list so that he could earn good time for working. (*Id.* at 3) Plaintiff alleges he was never given a job due to his disability and passing out. (*Id.*) When Plaintiff was transferred to W-Building, he again asked Sgt. Beckles to place him on the job list so he could earn good time for working, and Beckles told Plaintiff to stop asking. (*Id.*) Plaintiff complains that there are no jobs for him within the Department of Correction with a 5 pound weight limitation. (*Id.*) He seeks 600 good time credits and compensatory damages. (*Id.* at 2)

### III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957

F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See*

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard

to dismissal for failure to state claim under § 1915(e)(2)(B)). However, before dismissing a

complaint or claims for failure to state a claim upon which relief may be granted pursuant to the

screening provisions of 28 U.S.C. § 1915A, the Court must grant a plaintiff leave to amend his

Complaint, unless amendment would be inequitable or futile. *See Grayson*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the

complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do

more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation

marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306,

315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See*

*Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect

statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency

of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a

3

claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.    DISCUSSION

The claims raised in the Amended Complaint fail for the same reason as did the claims raised in the original complaint. It is far from clear that Plaintiff has named the proper defendants. In addition, the Amended Complaint does not allege conduct by any named Defendant that led to the denial of a work assignment. While Plaintiff submitted documents that indicate he sought education opportunities, there are no allegations based upon a denial of education. Finally, an inmate has no entitlement to a specific job, or even to any job. *See James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989); *see also Flanyak v. Ross*, 153 F. App'x 810, 812 (3d Cir. 2005).

Accordingly, the Amended Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The Court finds amendment futile. Plaintiff was given an opportunity to correct his pleading deficiencies but he failed to do so. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V.    CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). Amendment is futile.

An appropriate Order will be entered.

4